**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHALOM INTERNATIONAL CORP., a New York corporation individually and doing business as "Colorifics"; FIVE BELOW, INC., a Pennsylvania corporation; 1616 HOLDINGS, INC., a Pennsylvania corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br>1. BREACH OF CONTRACT;<br>2. UNJUST ENRICHMENT;<br>3. FALSE DESIGNATION OF ORIGIN<br>4. COPYRIGHT INFRINGEMENT<br>5. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>6. VIOLATIONS OF 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Brittany Wright ("Wright") by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*, and New York state law.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Brittany Wright is an individual who resides in New York

5. On information and belief, Wright alleges that Defendant Shalom International Corporation ("Shalom") is a New York corporation doping business in this District, including through its offices at 3 West 35th Street, New York, New York 10001.

6. On information and belief, Wright alleges that Defendant Five Below, Inc. ("Five Below") is a Pennsylvania corporation doing business in this District, including through its stores at 530 Fifth Avenue, New York, New York and 2845 Richmond Avenue #3, New York, New York.

7. On information and belief, Wright alleges that Defendant 1616 Holdings, Inc. ("1616") is a Pennsylvania corporation doing business in this District, including by providing or contracting to supply its products into New York.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

8. Brittany Wright is an independent photographer and stylist who specializes in creating original photography transforming everyday foods and other items into stunning visuals through capturing the vibrant colors and unique textures of food. Wright has collaborated to feature her photography with many successful brands including Bare Minerals, Burt's Bees, Vans, Oxo, General Mills, Chobani, and more.

9. On information and belief, Shalom is a large supplier of accessories, home products, and other miscellaneous personal goods such as journals and notebooks. Shalom operates under and/or sells products under brand names including "Colorifics."

10. In 2019, Wright entered into a contract with Shalom facilitated by the third-party company Brand Squared Licensing, for Wright to license to Shalom original photographs to be used in connection with Shalom products ("2019 Agreement").

11. Shalom expressed a desire to renew its relationship with Wright, and the two subsequently entered into a new Agreement in 2023 without the involvement of Brand Squared Licensing ("2023 Agreement")(collectively with the 2019 Agreement, "Salom Agreements").

12. Under the Shalom Agreements, Wright granted Shalom a limited, "non-transferable, non-exclusive license" within a specified territory to use Wright's original photography on certain, approved products in exchange for royalty payment from the sales of said products.

13. The Shalom Agreements put express conditions on Shalom's authorization to use Wright's photography and other intellectual property, including that the name and branding for "Wright Kitchen," must be included on all resulting products and prohibiting Shalom or any of its affiliates from use of any Wright's work or branding on unauthorized products or from

including her name and brand alongside "any other unauthorized licensed indica" on any products.

14. The Shalom Agreements also expressly set forth that Shalom could not make any use of, sell, or distribute products produced in connection with the Agreement before Wright granted final approval of the product.

15. Additionally, the Shalom Agreements specified that all the products incorporating Wright's work would "be free of material defects in design, material and workmanship" and that product and their "packaging, labeling, advertising and sales materials [would] be free from defects, merchantable, fit for their intended use, conform in all material respects with all samples which received final approval of [Wright]."

16. The Shalom Agreements further permitted unilateral termination by Wright under various circumstances including "[i]f [Shalom] uses [Wright's intellectual property] in an unauthorized manner, or asserts rights in the PROPERTY without [Wright]'s prior written consent," or any other failure to perform or breach of any material term or condition of the Agreement.

17. Under the agreements, Shalom also agreed to "indemnify and hold harmless [Wright]" in connection with "any defect in the LICENSED ARTICLES," or "Any material breach or violation of any warranty, representation, term or condition of [the Shalom]Agreement," with this indemnification to cover "all damages, interest payments, reasonable attorney's fees, costs and expenses which may be levied against or incurred by Indemnified Parties, including costs of collection of all amounts owed to [Wright] by [Shalom] and costs of all actions by [Wright] against [Shalom] to enforce [Shalom]'s compliance with this Agreement."

18.     Under the Shalom Agreements, Shalom produced and sold numerous products incorporating Wright's work, including gift bags and journals, at major retailers including Five Below.

19.     Per the terms of the Agreements, Wright licensed numerous photographs and other intellectual property to Shalom and approved certain products for sale, including gift bags to be sold at Five Below and journals featuring Wright Kitchen branding.

20.     On information and belief, Wright alleges that following the execution of the Shalom Agreements, Defendants sold numerous products in violation of the Shalom Agreements and Wright's exclusive rights in and to her original photography by exploiting certain of Wright's photographs ("Subject Photographs") on products not approved by Wright, on products without Wright's name and branding and instead featuring names and brands crediting her work to Defendants, and on products for which Wright received no compensation as required by the Shalom Agreements. True and correct copies of the Subject Photographs are attached hereto as **Exhibit A**, and true and screen captures and images of Defendants' infringing and unlawful uses of the Subject Photographs ("Infringing Uses") are attached hereto in **Exhibit B**.

21.     The Infringing Uses include, without limitation, gift bags sold by Shalom and Five Below which did not match the final approved design as they failed to include the required name and brand of Wright Kitchen and instead featured the name and branding of "Colorifics," which is a separate brand owned or otherwise affiliated with Shalom, and further sold bags featuring Wright's original designs but which Wright never gave final approval for with "Colorific" branding. A True and correct exemplar of these bags are reproduced below:

5



22.     On information and belief, Wright notified Shalom of this issue in November of 2023, however Shalom continued to sell these infringing bags as of at least September of 2024.

23.     On information and belief, Wright alleges that Shalom also reproduced, distributed, and sold journals designed by Wright in a manner that also did not match the

approved final design, and instead featured paper pages prominently displaying the brand "Betsey Johnson," another brand owned or otherwise affiliated with Shalom. A true and correct exemplar of these infringing journals is depicted below:

| **Exemplars of Infringing Journals** |
|:---:|
| **Wright's Original Photograph on Cover** |
|  |



24. On information and belief, Wright alleges that Shalom sold numerous Wright products different from those Wright gave final approval for or otherwise without Wright's required final approval, including without limitation sales of a defective version of "Flower

Gradient" gift bags in 2024 that had only been approved for a limited single production run in 2022, and versions of a "Peppermint Pattern" gift bag with unapproved alteration and modifications.

25. On information and belief, Wright also alleges that Shalom, Five Below and 1616, sold products that Wright did not approve, including without limitation those that bore certain of the Subject Photographs with branding identifying 1616 rather than Wright, including as depicted below:

| **Exemplar Infringing Bags bearing "1616"** |
|---|
|  |

**Detail**



**Infringing Exemplar**



**Detail**



26.     Wright contacted Shalom on numerous occasions to seek to resolve these issues without the need for litigation, however these issues persisted, and Shalom failed to resolve this dispute, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against Shalom)

27.     Wright and Shalom, as set forth above, entered into two separate agreements related to the licensing of Wright's photography and other intellectual property for use in connection with products sold or otherwise distributed by Shalom.

28.     Wright discharged all her duties under said agreements by providing the described limited license to Shalom for Wright's work and approving certain products for sale and distribution by Shalom.

29.     On information and belief, Shalom breached the terms of the Shalom Agreements including without limitation by failing to comply with the express terms of the limited license therein and selling products bearing Wright's intellectual property without her required final approval, selling defective products bearing Wright's work, and mixing Wright's intellectual property with other unauthorized licensed indicia including that of Shalom's brands "Colorifics" and "Betsey Johnson."

30.     The aforementioned breaches have resulted in general and special damages to Wright in an amount to be established at trial.

31.     The Shalom Agreements also each contained indemnification clauses entitled Wright to her damages and reasonable costs and attorney's fees incurred in connection with this lawsuit.

## SECOND CLAIM FOR RELIEF

**(For Unjust Enrichment – Against Shalom)**

32. Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. As alleged supra, Wright provided Shalom with access to her original and copyrighted works and valuable trademarks and branding on which Wright invested substantial time and resources.

34. Shalom accepted and exploited Wright's intellectual property to promote and sell products and profited from same.

35. On information and belief, Shalom further exploited Wright's intellectual property beyond the scope of the authorization provided to generate revenues from the sale of unapproved products and on products promoting Shalom's other brands and clients without properly compensating Wright for these uses.

36. It is against principles of equity and good conscience to permit Shalom to retain the revenues it received from these authorized exploitations of Wright's intellectual property and efforts.

37. By reason of the foregoing, Shalom has been unjustly enriched at Wright's expense in an amount to be determined at trial, plus pre-judgment interest.

**THIRD CLAIM FOR RELIEF**

**(For False designation of Origin / Reverse Passing off – Against all Defendants, and each of them)**

38. Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

39. On information and belief, Shalom sold products bearing Wright's original designs after removing Wright's name and branding and replacing same with the names and

12

branding for Shalom's other brands, including "Colorifics" and "Betsy Johnson," despite these other brands having no involvement with the creation of the products or Wright's designs.

40. Wright's brand name, 'Wright Kitchen," is a trademark registered with the United States Patent and Trademark Office.

41. Shalom's use of the name, symbol, and/or combination thereof of other brand's names and logos on the products designed by Wright was and is likely to cause confusion among consumers, or otherwise cause mistake or deceive consumers as to the origin of the designs on the products at issue and the affiliation of brands therewith as they would lead consumers to reasonably believe that the products and/or the designs on them originated from or were affiliated with Colorifics and Betsy Johnson when they were in fact created and owned by Wright.

42. This amounts to false designation of origin or "reverse passing off" under Section 1125 of the Lanham, as Shalom removed Wright's own branding from the products at issue and sold them under false branding it owns, operates, or otherwise profits from.

43. Wright's brand and goodwill have been damaged or otherwise diminished as a result of this false designation of origin.

44. On Information and belief, Shalom knowingly or intentionally committed the acts of infringement set forth herein.

45. Wright is entitled to recover damages including without limitation (1) Shalom's profits gained in connection with this false designation of origin, (2) the damages sustained by Wright in an amount to be proven at trial, and (3) Wright's costs incurred in connection with this action.

**FOURTH CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants and each of them)**

46. Wright repeats, re-alleges, and incorporates herein by references as though fully set forth here the allegations contained in the preceding paragraphs of this Complaint.

47. Wright and Shalom, as set forth above, entered into the Shalom Agreements related to the licensing of the Subject Photographs by Wright to Shalom.

48. Wright alleges on information and belief that Shalom has exploited Wright's Subject Photographs outside of the scope of those licenses and has failed to satisfy conditions of those licenses, including without limitation as depicted in **Exhibit B** rendering Shalom liable for copyright infringement.

49. Furthermore, Wright alleges on information and belief that Defendants, and each of them, have exploited her Subject Photographs without her consent including by reproducing, publicly displaying, and distributing the Subject Photographs on products sold, offered for sale, manufactured, and distributed by Five Below and 1616 without Wright's authorization or consent. True and correct screen captures and images of Defendants' Infringing Uses can be found in Exhibit A attached hereto.

50. Wright further alleges on information and belief that Five Below and 1616 had access to the Subject Photographs by virtue of Five Below's work with Shalom producing products resulting from or in relation to the Shalom Agreements, and 1616's status as a distributor for Five Below

51. Defendants' exploitation of the Subject Photographs as described above amounts to infringement of Wright's exclusive rights under copyright in and to each of the Subject Photographs.

52. On information and belief Wright alleges that Defendants' conduct as alleged herein was reckless, willfully blind, and or willful, rendering Defendants liable for enhanced damages as Defendants were aware of Wright's authorship and ownership of the Subject Photographs via their access to same resulting from the Shalom Agreements.

53. The aforementioned infringements have resulted in general, compensatory, statutory, and special damages, including lost licensing revenue, diminution in value to the Subject Photographs, and profit disgorgement, to Wright in an amount to be established at trial under 17 U.S.C. 504.

## FIFTH CLAIM FOR RELIEF

**(For Vicarious and Contributory Copyright Infringement – Against Shalom and Five Below)**

54. Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

55. On information and belief, Wright alleges that Shalom and Five Below knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, distributing the Subject Photographs to manufacturers, distributors, and retailers for further exploitation creating and distributing the Infringing Products.

56. On information and belief, Wright alleges that Shalom and Five Below are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Shalom and Five Below had the ability to oversee the development, manufacture, and distribution of the Infringing Products as further effected by their distributors

and retailers. Shalom and Five Below also realized profits through their respective obtainment, distribution, and sale of the Infringing Products.

57. Due to Defendants' acts of copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's exclusive rights in the Subject Photographs. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Wright's exclusive rights in the Subject Photographs, in an amount to be established at trial.

58. On information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SIXTH CLAIM FOR RELIEF

**(For Violations of 17 U.S.C. § 1202(a) and (b) – against all Defendants, and each of them)**

59. Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

60. Wright's photography was routinely published with copyright management information ("CMI") and was provided to Shalom with CMI, as that phrase is used in 17 USC § 1202. Wright's CMI included, without limitation, her name and the name of her brand, metadata, and other indicia of authorship and attribution information.

61. On information and belief, Wright alleges that Defendants, and each of them, intentionally removed her CMI in violation of 17 USC § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photographs on Defendants' Infringing Products, and by

16

distributing the Subject Photographs to third parties. Defendants failed to publish the Subject Photographs with proper indicia of authorship and instead add false CMI associating or attributing the Subject Photographs to their own names, brands, or affiliates.

62. On information and belief, Wright alleges that Defendants, and each of them, did distribute, published, and otherwise publicly display copies of Subject Photographs knowing that copyright management information has been removed or altered without authority of Wright or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

63. On information and belief, Wright alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information, including without limitation by offering for sale, selling, and otherwise distributing Infringing Products with the names and logos of their own brands and those of their affiliates, indicating their ownership or authorship of the Subject Photographs. These infringing uses therefore contained false CMI.

64. On information and belief, Wright alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

65. Due to Defendants' acts of infringement, as alleged herein, Wright has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**<u>Against All Defendants, and Each and With Respect To Each Claim For Relief:</u>**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from exploiting Wright's photography and other intellectual property, including through, without limitation, an order requiring Shalom to cease all sales of any products incorporating, in whole or in part, Wright's intellectual property, and that Shalom surrender all remaining inventory of said products to Wright and that all revenues received by Defendants in connection with the distribution and sale of such products be placed into a constructive trust;

b. That Wright be awarded all damages available in law and according to proof at trial including but not limited to general and special damages for Shalom's breach of contract;

c. That Wright be awarded her costs and attorneys' fees to the extent they are available under the Copyright Act, the Lanham Act, and the terms of the Shalom Agreements;

d. That Wright be awarded her costs and fees under the statutes set forth above;

e. That Wright be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

f. That Wright be awarded pre-judgment interest as allowed by law;

g. Wright be awarded the costs of this action; and

h. That Wright be awarded such further legal and equitable relief as the Court deems proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: May 2, 2025<br>New York, New York | By: | */s/ David Michael Stuart Jenkins*<br>Scott Alan Burroughs, Esq.<br>David M.S. Jenkins, Esq.<br>DONIGER / BURROUGHS<br>247 Water Street, First Floor<br>New York, New York 10038<br>scott@donigerlawfirm.com<br>djenkins@donigerlawfirm.com<br>Telephone: (310) 590-1820<br>*Attorneys for Plaintiff* |

19